NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE ASUS COMPUTER INTERNATIONAL** AND **ASUSTEK COMPUTER INC.,**
*Petitioners.*

---

2014-141

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 6:12-cv-00944-JDL, Judge Leonard Davis.

---

**ON PETITION**

---

Before REYNA, BRYSON, and HUGHES, *Circuit Judges*.

PER CURIAM.

**O R D E R**

Petitioners ASUS Computer International, a California corporation, and its parent company, ASUSTeK Computer Inc., based in Taiwan, seek a writ of mandamus in this patent infringement suit. The action was brought against them by respondent, EON Corp. IP Holdings, LLC, in the District Court for the Eastern District of Texas. On June 3, 2014, the district court denied petitioners' motion to transfer the case to the Northern District of California pursuant to 28 U.S.C. § 1404(a). Petitioners request from this court an order

vacating the underlying rulings and directing the district court to grant their motion.

The motion to transfer was predicated on the fact that potential evidence and three identified potential employee witnesses of ASUS are located in the Northern District of California. Petitioners further argued that EON's presence in the Eastern District of Texas was not motivated by legitimate reasons, but instead aimed to further forum shopping.

The district court, adopting in full the recommendation of the magistrate judge, concluded that petitioners had failed to demonstrate that the Northern District of California was clearly more convenient and proper for trial. *EON Corp. IP Holdings, LLC v. ASUSTeK Computer Int'l*, 6:12-cv-944 (E.D. Tex. Mar. 28, 2014), ECF No. 36 and 41 (hereinafter "Transfer Order"). In reaching that conclusion, the district court found that judicial economy disfavored transfer, citing its prior familiarity with the patents and the existence of co-pending suits involving the same patents that had been consolidated for pre-trial proceedings. *Id.* at *9-10.

The court also found that the sources of proof factor slightly disfavored transfer because only some of petitioners' evidence was located in California and all of EON's corporate records had been stored in the Eastern District of Texas long before this complaint was filed. *Id.* at *4-5, *11. While weighing the convenience of the witnesses factor in favor of transfer, the court noted that ASUS had offered nothing more than speculation that its three employees would actually testify at trial. *Id.* at *7. The court added that the only non-party witness identified in the transferee venue stated that he was willing to travel to the Eastern District of Texas. *Id.* at *5.

Regional circuit law applies in cases such as this where substantive issues of patent law are not involved, and here we follow Fifth Circuit law with respect to

procedural matters. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). In determining whether transfer is warranted, the Fifth Circuit considers the public and private factors used in *forum non conveniens* analysis. *Id.* Mandamus is an appropriate remedy to rectify an erroneous consideration of these factors, as an appeal from final judgment would be an inadequate remedy. *Id.* at 1322. But the burden on petitioners in seeking such relief remains a heavy one. To prevail, they must show there was such a "'clear' abuse of discretion" on the part of the trial court that refusing transfer would produce "a 'patently erroneous result.'" *Id.* at 1319 (internal citation omitted). Petitioners have failed to carry this burden.

In exercising its discretion in deciding a transfer motion, a district court may, based on a case-specific assessment, conclude that transfer would not promote the interest of justice even if the transferee venue would be slightly more convenient for the parties. *See In re Vistaprint Ltd.*, 628 F.3d 1342, 1347 n.3 (Fed. Cir. 2010). The district court explained why judicial economy is deserving of consideration here. Petitioners themselves conceded that the district court "has construed terms of the [5,388,]101 patent four time[s] previously and the [5,592,]491 patent three times previously." Transfer Order at *9 (internal quotation marks omitted). And, "at the time this Motion was filed on December 19, 2012, it was evident that [this case] could be consolidated with other co-pending cases in this district involving the same Patents-in-Suit." *Id.* We agree with Petitioners that the multidistrict litigation procedures of 28 U.S.C. § 1407 and the Northern District of California's familiarity with one of the patents-in-suit does mitigate some judicial economy concerns. However, we cannot agree with Petitioner's contention that they completely resolve the practical problems factor such that it should have been considered neutral.

　　　Petitioners argue that the district court should have afforded more weight to the convenience of the transferee venue.  But ASUS offered nothing more than speculation that the three witnesses it identified that reside in the Northern District of California will be required at trial.  And ASUS admitted that any ASUSTek employee would have to travel a significant distance regardless of where trial is located.  Accordingly, Petitioners have not shown why the district court should have given this factor more weight.

　　　The clear abuse of discretion standard means that the district court has a "range of choice" and that its decision will be upheld as long as it stays within reason.  *Vistaprint*, 628 F.3d at 1347.  Here, after careful consideration of petitioners' arguments, it is our view that the district court's decision to deny transfer falls within that range of choice.

　　　Accordingly,

　　　IT IS ORDERED THAT:

　　　The petition is denied.

FOR THE COURT

/s/ Daniel E. O'Toole  
Daniel E. O'Toole  
Clerk of Court

s19